

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| LORRAINE EDMOND MCCOY,<br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　　Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. 0:10-00765-HFF-PJG<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 16, 2011, and Plaintiff filed her objections to the Report on April 4, 2011.

Plaintiff first objects to the Magistrate Judge's suggestion that the Administrative Law Judge's (ALJ) decision should be affirmed as supported by substantial evidence despite her erroneous reference to Christine Hamolia,[*] a registered nurse, as a "licensed social worker." According to Plaintiff, because the ALJ thought Hamolia was a social worker rather than a nurse, she failed to apply the correct legal standard in considering her opinion testimony. Pl.'s Objs. 2-3, ECF No. 16. Plaintiff notes that Social Security Ruling 06-03p treats nurses as medical sources who are not acceptable medical sources and provides guidelines for how to weigh their opinions. *Id.* at 1-2. Although Plaintiff acknowledges that Social Security Ruling 06-03p includes licensed clinical social workers, like nurses, as medical sources who are not acceptable medical sources, she insists that the ALJ described Hamolia as only a "social worker," which does not constitute a medical source who is not an acceptable medical source. *Id.* at 2-3.

This Court's review of an ALJ's findings is limited to ensuring that substantial evidence exists to support them and the ALJ applied the proper legal standard to reach them. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (citing *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). The ALJ gave Hamolia's opinion "no more weight than lay opinion." R. at 17. Everyone agrees that the ALJ erred in classifying Hamolia as a "licensed social worker with [the Medical University of South Carolina]" rather than as a nurse. *Id.* at 16. Despite this error, however, the ALJ's decision to ascribe little or no weight to her opinion is supported by substantial evidence.

---

[*] The Magistrate Judge noted inconsistencies in the record and briefs as to the spelling of Christine Hamolia's last name. Report 5 n.1, ECF No. 15. The Court will adopt the Magistrate Judge's decision to use the spelling from Plaintiff's briefs—Hamolia.

2

Specifically, she noted that the other record evidence did not support Hamolia's opinion. *Id.* at 17. She also recognized that Hamolia's opinion was inconsistent with Plaintiff's "current global assessment of functioning," which "denote[d] only moderate symptoms or moderate difficulty in social, occupational, or school functioning." *Id.* The Court believes that this is adequate evidence for a reasonable mind to decline to give Hamolia's opinion any weight, and therefore, substantial evidence supports the ALJ's treatment of Hamolia's opinion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (holding that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted)).

Moreover, the Court disagrees with Plaintiff that the ALJ's mischaracterization of Hamolia as a licensed social worker rather than a nurse caused her to apply an incorrect legal standard. Social Security Ruling 06-03p distinguishes between opinions provided by medical sources who are not acceptable medical sources, like nurses and licensed clinical social workers, and nonmedical sources, like regular social workers. SSR 06-03p, 2006 WL 2329939, at *2, *5 (Aug. 9, 2006). In different parts of the ruling, it provides factors and considerations for the ALJ to consider in evaluating both types of opinions. *Id.* at *4-5. For the most part, however, the considerations and factors overlap. *See id.* Importantly, in both contexts, the ALJ must consider the opinion's support and whether it is consistent with other record evidence. *Id.* As noted, that is exactly what the ALJ hinged her decision on in this case. Thus, the Court is of the opinion that, despite the error, the ALJ applied the correct legal standard.

3

Plaintiff also maintains that the ALJ erred in failing to consider findings provided by Dr. Cashton Spivey, particularly Dr. Spivey's finding in December 2006 that Plaintiff suffered from a probable cognitive mental disorder. Pl.'s Objs. 3. She asserts that "[i]n the decision, the ALJ fails to reference or discuss Dr. Spivey's findings." *Id.* Plaintiff did not raise this issue to the Magistrate Judge. Regardless, it is plainly without merit.

The ALJ's decision is replete with references to Dr. Spivey's findings. At step two, the ALJ observed that "the claimant has a severe mental impairment as evidenced by her diagnosis of and treatment for 'significant depression,' " and then she specifically cited Dr. Spivey's findings, including those related to "attention/concentration problems." R. at 12. In assessing Plaintiff's residual functional capacity (RFC) at step four, the ALJ referenced Dr. Spivey's December 2006 meeting with Plaintiff at least three times. *Id.* at 16, 18. The ALJ noted Dr. Spivey's assignment of a global assessment of functioning (GAF) of 40-50 and noted that this "normally represent[s] serious mental symptoms." *Id.* at 18. The ALJ proceeded to recognize improvements in Plaintiff's GAF score and the effective counseling and medication treatment Plaintiff had received since December 2006. *Id.* Accordingly, the Court finds that, contrary to Plaintiff' assertions, the ALJ not only acknowledged Dr. Spivey's findings, but also provided a thorough explanation of her treatment of them.

Plaintiff finally objects to the Magistrate Judge's suggestion that the ALJ considered the combined effect of Plaintiff's impairments at step four. After a review of the ALJ's RFC assessment, the Court is satisfied that she considered the combined effect of Plaintiff's impairments. Accordingly, this objection is also unmeritorious.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 25th day of August, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
